UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Joseph Adrian Motley,

      Movant,

VS.

Oppenheimer & Co., Inc.

      Serve:  Travis McGregor, Esq.
              Counsel
              Oppenheimer & Co. Inc.,
              Office of the General Counsel
              85 Broad Street, 25th Floor, New York, NY 10004
              Tel: (212) 667-7715 | Fax: (212) 668-5042
              travis.mcgregor@opco.com

      Respondent.

Civil Action No. 17-CV-2888

United States Courts
Southern District of Texas
FILED

SEP 27 2017

David J. Bradley, Clerk of Court

---

## MOTION FOR ORDER CONFIRMING ARBITRATION AWARD

       The Movant, Joseph A. Motley, Pro Se, moves this Court for an order and judgment confirming an arbitration award in its entirely pursuant to 9 U.S.C. § 9.  The Respondent is Oppenheimer & Co. Inc.

      A. Jurisdiction and Venue.

       This court has subject matter jurisdiction of this proceeding to confirm an arbitration award pursuant to 9 U.S.C. § 9.  Venue properly is established in this judicial district pursuant to 9 U.S.C. § 9 because the arbitrator requires:

> pursuant to Notice to Members 04-16, Claimant
> Joseph Adrian Motley must obtain confirmation from a
> court of competent jurisdiction before the CRD will
> execute the expungement directive.

And the Movant is a resident of Katy, Fort Bend County, Texas.

      B. Statement of the Case.

       The parties agreed, in written agreements evidencing transactions involving commerce, to settle by arbitration an existing controversy or any controversy thereafter arising out of such contract or transactions between the parties, under such agreements.  They submitted the controversies between them to arbitration administered by the Financial Industry Regulatory Authority ("FINRA").  The arbitrator conducted a hearing in New York, New York County, New York, and issued an award (the "Award") on March 2, 2017.  A copy of the Award is attached as Exhibit A.  The parties have agreed and applicable law provides that a judgment may be entered upon the Award made pursuant to the arbitration proceeding.

       FINRA has granted a waiver of the obligation under FINRA Rule 2080 to name FINRA as a party in any action to confirm the award issued in Exhibit A.  A copy of the waiver is attached as Exhibit B.

C. Argument.

The Movant has a statutory right to an order confirming the Award in its entirety. The applicable statute, 9 U.S.C. § 9, states:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

The Award was made on March 2, 2017, following an in-person hearing that was held in New York, New York County, New York.

D. Relief Requested.

For the foregoing reasons, the Movant is entitled to the following relief: an order confirming the Award; entry of a judgment or decree which may be enforced as any other judgment or decree, their costs of this application and of all proceedings subsequent thereto, and disbursements; their costs, attorney fees, and interest thereon, as stated above; and such other relief as to which the Movant may appear to be entitled.

Respectfully submitted,

Joseph A. Motley
7043 Terrace Ridge
Katy, TX 77494
646.360.2944 Ext. 1
Pro Se for Movant

Dated: September 27, 2017.

# EXHIBIT A

**Award**
**FINRA Office of Dispute Resolution**

In the Matter of the Arbitration Between:

<u>Claimant</u>                                    <u>Case Number</u>: 16-02542
Joseph Adrian Motley

     vs.

<u>Respondent</u>                                 <u>Hearing Site</u>: New York, New York
Oppenheimer & Co., Inc.

Nature of the Dispute: Associated Person vs. Member.

## REPRESENTATION OF PARTIES

Claimant Joseph Adrian Motley appeared pro se.

For Respondent Oppenheimer & Co., Inc.: Travis McGregor, Esq., Oppenheimer & Co.,
Inc., New York, New York.

## TASE INFORMATION

Statement of Claim filed on or about: August 29, 2016.
Joseph Adrian Motley signed the Submission Agreement: August 29, 2016.

Statement of Answer filed by Respondent on or about: September 21, 2016.
Oppenheimer & Co., Inc. signed the Submission Agreement: September 21, 2016.

## TASE SUMMARY

Claimant asserted the following cause of action: expungement of his CRD records.

Unless specifically admitted in the Statement of Answer, Respondent denied the
allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim Claimant requested compensatory damages in the amount of
$1.00, costs in the amount of $1.00, declaratory judgment and expungement of his CRD
records.

In the Statement of Answer, Respondent requested that the Arbitrator deny Claimant's
expungement request.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrator acknowledges that she has read the pleadings and other materials filed by the parties.

The Arbitrator conducted a recorded in-person hearing on January 18, 2017 so the parties could present oral argument and evidence on Claimant's request for expungement.

On or about January 10, 2017, Claimant provided the Office of Dispute Resolution with proof that he notified the customer, in the underlying complaint, with notice of Claimant's expungement request and notice of the customer's right to participate and testify at the expungement hearing.

The customer did not participate in the expungement hearing and did not take a position regarding Claimant's request for expungement.

In recommending expungement, the Arbitrator relied upon the following documentary or other evidence: Claimant's Statement of Claim, Respondent's Statement of Answer, Claimant's BrokerCheck Report, and the evidence and testimony presented at the hearing.

The Arbitrator confirmed that the Claimant has not previously requested expungement of the same disclosure from the CRD.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Arbitrator has decided in full and final resolution of the issues submitted for determination as follows:

1.  Claimant's request for compensatory damages and costs is denied.

2.  Claimant's request for expungement of his CRD records is granted.

    The Arbitrator recommends the expungement of all references to occurrence # 1442356 from registration records maintained by the Central Registration Depository ("CRD"), for Claimant Joseph Adrian Motley (CRD #4514901), with the understanding that, pursuant to Notice to Members 04-16, Claimant Joseph Adrian Motley must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive.

Unless specifically waived in writing by FINRA, parties seeking judicial confirmation of an arbitration award containing expungement relief must name FINRA as an additional party and serve FINRA with all appropriate documents.

Pursuant to Rule 13805 of the Code, the Arbitrator has made the following Rule 2080 affirmative finding of fact:

The claim, allegation, or information is factually impossible or clearly erroneous.

The Arbitrator has made the above Rule 2080 finding based on the following reasons:

The Claimant testified that he was authorized to process the subject telephone order of the customer, which I found to be credible. Respondent failed to provide any transcripts or tapes of any telephone conversations with the customer that would clarify any conversation with Claimant. Although the customer was served with notice of the expungement hearing, he did not attend the hearing or respond to the claim. No damages were paid to anyone. The amount of $5,000.00 indicated in CRD Claimant's CRD record was speculative and arbitrary. Claimant has no other entry on his CRD records.

3.  Any and all claims for relief not specifically addressed herein, including attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$   50.00 |

*The filiTg fee is made up of a ToT-refuTdable aTd a refuTdable portioT.

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute.  Accordingly, as a party, Oppenheimer & Co., Inc. is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 150.00 |

FINRA Office of Dispute Resolution
Arbitration No.  16-02542
<u>Award Page 4 of 5</u>

<u>**Hearing Session Fees and Assessments**</u>
The Arbitrator has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator, including a pre-hearing conference with the arbitrator, that lasts four (4) hours or less.  Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) initial pre-hearing session with a single arbitrator @ $ 50.00 | | | =$  100.00 |
| Pre-hearing conference: | December 5, 2016 | 1 session | |
| | December 8, 2016 | 1 session | |
| | | | |
| One (1) hearing session @ $ 50.00 | | | =$   50.00 |
| Hearing Date: | January 18, 2017 | 1 session | |
| Total Hearing Session Fees | | | =$ 150.00 |

The Arbitrator has assessed $30.00 of the hearing session fees to Claimant.
The Arbitrator has assessed $120.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

FINRA Office of Dispute Resolution
Arbitration No. 16-02542
<u>Award Page 5 of 5</u>

### <u>ARBITRATOR</u>

Anna M. Fanelli       -       Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

<u>Arbitrator's Signature</u>

Anna M. Fanelli                         3/2/17
Sole Public Arbitrator                     Signature Date

March 13, 2017
Date of Service (For FINRA Office of Dispute Resolution office use only)

**EXHIBIT B**



**FINRA**

**Financial Industry Regulatory Authority**

May 4, 2017

Joseph A. Motley
MVN Advisors
7043 Terrace Ridge
Katy, TX 77494

VIA EMAIL

Re: JOSEPH MOTLEY, CRD# 4514901
    FINRA Arbitration Case #: 16-02542
    Joseph Adrian Motley vs. Oppenheimer & Co., Inc.

Dear Mr. Motley:

FINRA has reviewed, and determined to grant, your request for a waiver of the obligation under FINRA Rule 2080 to name FINRA as a party in any action to confirm the award issued in the above-captioned proceeding. The award directs the expungement of customer dispute information from the Central Registration Depository (CRD®) system for Joseph Motley. FINRA notes that the arbitration award reflects compliance with FINRA's Code of Arbitration Procedure for Customer Disputes § 12805 or Code of Arbitration Procedure for Industry Disputes § 13805. In addition, it includes an affirmative finding that the expungement directive is based on one or more standards enumerated in FINRA Rule 2080. Specifically, the expungement directive is based on one or more of the following affirmative arbitral finding(s):

     __X__    the claim, allegation, or information is factually impossible or clearly erroneous

     ____    the above-named individual was not involved in the alleged investment-related sales practice violation, forgery, theft, misappropriation, or conversion of funds

     ____    the claim, allegation, or information is false

Therefore, you are not required to name FINRA as a party in the judicial proceeding to confirm the arbitration award. Furthermore, you are not required to serve FINRA with notice of the court proceeding documents or to name FINRA as a nominal party.

If you have any questions, please contact me at 240-386-4788.

Sincerely,

*Karen Weinstein*

Karen Weinstein, Analyst
Registration and Disclosure
Legal and Policy

Investor protection. Market integrity.          9509 Key West Avenue    t  240 386 4000
Rockville, MD    www.finra.org
20850-3329